**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH**

**EBONY BRADLEY-FARR**                                                            **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 5:18-CV-P179-TBR**

**MCCRACKEN COUNTY JAIL** *et al.*                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This is a *pro se* civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff Ebony Bradley-Farr leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims, allow others to proceed, and provide Plaintiff the opportunity to amend her complaint.

### I. SUMMARY OF COMPLAINT[1]

Plaintiff is incarcerated at the McCracken County Jail (MCJ). She names the following as Defendants in this action – the MCJ, Southern Health Partners (SHP), MCJ Deputy Laurie Haynes Sullenger, and MCJ Deputy Marianne Carter. She sues MCJ Defendants Sullenger and Carter in both their official and individual capacities.[2]

Plaintiff first alleges that upon her arrival to MCJ on May 2, 2018, she reported to the jail that she suffered from "HIGH GRADE Invasive Cervical Displasia." She then writes as follows:

> While incarcerated I begin to suffer from several issues and complications. I experienced severe bleeding, clotting, discharge and abdominal pain. I dropped multiple request for sick calls. A total of 43 sick calls over a period of 118 days. I

---

[1] Plaintiff originally filed a handwritten complaint on November 27, 2018 (DN 1). She then filed her complaint on a Court-supplied 42 U.S.C. § 1983 complaint form on December 7, 2018 (DN 1-1). This summary is based upon a combined reading of these documents.

[2] In the handwritten complaint, Plaintiff identifies Defendants as the MCJ, "[MCJ] Staff", and "[SHP] and Staff." Because "[MCJ] Staff" and "[SHP] and Staff" are not listed as Defendants on the complaint form, the Court will direct that they be terminated as parties to this action. For the inverse reason, the Court will also direct that Defendants Sullenger and Carter be added as parties to this action.

was seen only once 05-18-18 and at that time I was told that the pain, discharge and bleeding were due to a UTI. I told Sherrie (LNU) that I didn't think it was from a UTI she insisted and gave me antibiotic (Bactrium) for 10 days. However, when the labs came back the UTI diagnosis was incorrect. After that I was never seen again and nothing was done to find the cause of the issue. I continued to have issues. I reported all of these issues to the medical staff but still nothing was done. After multiple sick requests and 8 grievances on July 28, 2108, I filed for medical furlough so I could get the necessary care and treatment I needed outside the facility. The okay to the medical furlough was granted and I was seen by an outside provider. At the time of my appointment (08-28-18) I was diagnosed with dilated tubular structure due to onset infection. The condition is [illegible] which was caused by infection left untreated causing inflammation to the fallopian tube due to the medical neglect at the hands of MCJ and Southern Health Partners. My previous condition also left untreated progressed further.

Plaintiff further alleges that during this time she suffered from fever, vomiting, and mucus discharge. Plaintiff alleges that when she showed a "walnut-sized" blood clot to "LPN Sherrie," she told Plaintiff to get it away from her, and to throw it away, and "if I ever showed her anything like that again I would go to the HOLE." Plaintiff also alleges that when she was seen by an outside provider, it was determined that she had an infection and that she needed to be sent "to the ER to receive an intravenous antibiotic."

Plaintiff also alleges that Defendant Carter tracks the menstrual cycles of all female inmates and will only provide them nine pads per day for seven days each month. Plaintiff states that Defendant Carter is aware of her medical condition and that her sporadic bleeding causes her to need pads more often than Defendant Carter allows. She states that an MCJ captain told Defendant Carter that Plaintiff was not to be denied pads at any time. Plaintiff alleges that, as a result of Defendant Carter's "rule," she bled onto her clothing and bed linen on four occasions and caused them to be blood-soaked. Plaintiff states that this is "humiliating and cruel" treatment.

Plaintiff further alleges that her "HIPAA Privacy Rights"[3] were violated by SHP staff when her "medical records and information were openly discussed and transferred with unauthorized inmates and jail staff."

Finally, Plaintiff claims that Defendant Sullenger failed to mail outgoing pieces of legal mail she had collected from Plaintiff on at least three occasions. Plaintiff alleges that other inmates have seen Defendant Sullenger put inmates' outgoing mail in the trash.

As relief, Plaintiff seeks compensatory and punitive damages.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 544 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less

---
[3] "HIPAA" is an acronym for the Health Insurance Portability and Accountability Act of 1996.

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a § 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Claims against MCJ, SHP and Official-Capacity Claims

The Court first turns to Plaintiff's claims against Defendant MCJ. The MCJ is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a

police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *5 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, it is McCracken County that is the proper defendant in this case. *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself).

The same is true of Plaintiff's official-capacity claims. "[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants Sullenger and Carter are actually against these Defendants' employer, which is McCracken County. *See, e.g.*, *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

Finally, the Sixth Circuit has held that the same analysis that applies to § 1983 claims brought against municipalities applies to private corporations contracted to provide medical services to inmates, such as Defendant SHP. *See, e.g.*, *Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012) (recognizing that a "*Monell* custom or policy claim" can be brought under § 1983 against a private corporation that provides medical care to inmates); *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011) (applying *Monell*'s municipal liability standard to the private corporation that had been contracted to operate a jail) (citing *Street v. Corr. Corp. of Am.*, 102 F. 3d. 810, 814 (6th Cir. 1996)).

5

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not claim that any alleged violation of her constitutional rights was the result of a custom or policy implemented or endorsed by either McCracken County or SHP. As such, the Court will dismiss Plaintiff's claims against the MCJ, SHP, and her official-capacity claims against Defendants Sullenger and Carter for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claims

#### 1. Medical Claims

Based upon the allegations set forth in the complaint, the Court will allow an individual-capacity claim to proceed against Defendant Carter. The Court will also allow Plaintiff an

opportunity to amend her complaint to name as Defendants any medical officials (such as nurses, etc.), who allegedly failed to treat her or provide adequate care for her medical conditions. *See*, *e.g.*, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]").

## 2. Mail Claim

The Court will allow an individual-capacity claim to proceed against Defendant Sullenger for her alleged intentional failure to mail Plaintiff's outgoing legal mail on multiple occasions.

## 3. HIPAA Claim

Finally, the Court turns to Plaintiff's claim that her rights have been violated under HIPAA. Title II of HIPAA, codified at 42 U.S.C. § 1320a *et seq.*, was created to protect against the unauthorized disclosure of health records and information. *Gratton v. United Parcel Serv., Inc.*, No. CV 07-3071, 2008 U.S. Dist. LEXIS 108700 (E.D.N.Y. Nov. 14, 2008). However, only the Secretary of the Department of Health and Human Services may file suit to enforce its provisions. *Sneed v. Pan Am. Hosp.*, 370 F. App'x 47, 50 (11th Cir. 2010) (citing 42 U.S.C. § 1320d-5(a)(1); 1320d-6). Private citizens have no standing to sue a covered entity for a violation of HIPAA. *Thomas v. Univ. of Tenn. Health Sci. Ctr*, No. 17-5708, 2017 U.S. App. LEXIS 24714, at *4 (6th Cir. Dec. 6, 2017) (recognizing that although the Sixth Circuit has never explicitly held that that there is no private right of action under HIPAA, several other circuits have so held, and following those circuits' holdings) (citing *Bradley v. Pfizer, Inc.*, 440 F. App'x 805, 809 (11th Cir. 2011); *Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011); *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010); *Wilkerson v. Shinseki*, 606 F.3d 1256,

1267 n.4 (10th Cir. 2010); *Miller v. Nichols*, 586 F.3d 53, 59-60 (1st Cir. 2009); *Webb v. Smart Document Sol.*, LLC, 499 F.3d 1078, 1081 (9th Cir. 2007); *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006) (per curiam)). Accordingly, this claim will be dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claims against the MCJ, SHP, her official-capacity claims against Defendants Sullenger and Carter, and her HIPAA claim are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

As such, **the Clerk of Court is DIRECTED to terminate MCJ and SHP as parties to this action. For the reasons set forth above, the Clerk of Court is further DIRECTED to terminate "[MCJ] Staff" and "[SHP] and Staff" as parties to this action.**

The Court will allow Plaintiff's individual-capacity claims against Defendants Sullenger and Carter to proceed at this time.

Accordingly, **the Clerk of Court is DIRECTED to add Defendants Sullenger and Carter as parties to this action.**

**IT IS FURTHER ORDERED that within** <u>**30 days**</u> **from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint in which she names as Defendants any individual medical personnel who allegedly violated her rights; identifies these persons by name; specifies that she is suing these persons in their individual capacities; and describes how each person violated her constitutional rights by including details such as which person purportedly did what and when. Plaintiff should**

**submit a completed summons form for each newly named Defendant within the same 30-day period.**[4]

The **Clerk of Court** is **DIRECTED** to send Plaintiff a § 1983 complaint form with this case number and the word "Amended" written in the caption along with four blank summons forms.

The Court will conduct an initial review of Plaintiff's amended complaint pursuant to § 1915A. Should Plaintiff fail to file an amended complaint within the allotted time, the Court will enter a Service and Scheduling Order to govern the development of the claims it has allowed to continue.

The Court passes no judgment on the merits of the claims it has allowed to proceed or the ultimate outcome of this action.

Date: January 16, 2019

*[signature: Thomas B. Russell]*

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc:      Plaintiff, *pro se*
           Defendants
           McCracken County Attorney
4413.011

---

[4] Regarding the completion of the summons forms, Plaintiff must: (1) prepare a summons for <u>each</u> Defendant sued; (2) write or type Defendant's name and address on the summons in the space provided; (3) write or type Plaintiff's name in the space provided; (4) **do not** fill in any other part of the summons form and **do not** mail the summons to any of the defendants.