**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**Case No. 5:18-cv-00179-TBR**

EBONY BRADLEY-FARR                                              PLAINTIFF

v.

McCRACKEN COUNTY JAIL, *et al.*                                DEFENDANTS

**ORDER**

This matter comes before the Court upon Defendants Laurie Sullenger and Marianne Carter's Motion to Dismiss. [DN 29]. *Pro se* Plaintiff Ebony Bradley-Farr did not respond. The Court issued a Show Cause Order instructing Plaintiff to show cause why the case should not be dismissed. [DN 30]. A telephonic status conference was held on January 8, 2021 at 11:00. Kristen Worak was present for Defendants and court reporter Terri Turner transcribed the call. Plaintiff was not present on the call at 11:00 a.m. The Court waited until 11:12 a.m. to begin the call to give Plaintiff additional time to appear and she still did not appear. For the following reasons, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [DN 29] is **GRANTED**.

In their Motion to Dismiss, Defendants detail multiple discovery issues with Plaintiff. Telephonic status conferences had to be held with Magistrate Judge King on three separate occasions to order Plaintiff to provide medical release authorizations to Defendants. [DNs 20, 22, 24]. Plaintiff's deposition was also rescheduled multiple times due to a variety of circumstances. Plaintiff was originally scheduled to be deposed on February 7, 2020. [DN 29-2 at PageID 112]. Plaintiff requested the deposition be rescheduled due to transportation issues. The deposition was rescheduled for April 6, 2020. [DN 29-3 at PageID 114]. Plaintiff was ordered to provide Defendants with a medical release authorization form prior to this deposition. [DN 22]. However,

she failed to provide the forms and the deposition was again rescheduled for September 2, 2020. [DN 29-4 at PageID 116]. The morning of the deposition, Plaintiff informed Defendants' counsel that she was exposed to Covid-19. Defendants filed a Motion for Extension of Time to Complete Discovery due to the inability to reschedule the deposition before the end of the discovery period. [DN 27]. The Court granted that motion and the deposition was rescheduled for November 5, 2020. [DN 29-6 at PageID 119].

The deposition on November 5, 2020 was scheduled to begin at 11:00 a.m. in Carbondale, Illinois. [DN 29-10 at PageID 127]. Plaintiff did not show up to the deposition and the deposition was concluded at 11:35. [*Id.*] Defendants argue Plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 41(b).

Fed. R. Civ. P. 41(b) states, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The "Sixth Circuit has permitted dismissal where a *pro se* plaintiff 'failed to adhere to readily comprehended court deadlines of which he was well-aware.'" *Sisemore v. Henry Cty.*, 2018 WL 739030, at *2 (W.D. Tenn. Feb. 6, 2018) (quoting *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). Although federal courts afford pro se litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Jourdan,* 951 F.2d at 110. Due to Plaintiff's repeated failure to appear for her deposition and her failure to appear at the telephonic conference on January 8, 2021, the Court must grant Defendants' motion.

Defendants also argue Plaintiff should be required to reimburse Defendants for Court Reporting services and for renting a room for Plaintiff's deposition. Counsel for Defendants rented

2

a room at the Carbondale City Hall for the November 5, 2020 deposition. That rental cost 39.00 dollars. [DN 29-9 at PageID 124]. A 100.00 dollar appearance fee was also incurred for the November deposition Plaintiff failed to attend. [*Id.* at PageID 125]. "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Counsel for Defendants only incurred the 39.00 dollar rental fee in order to make the deposition easier for Plaintiff to attend. Although counsel for Defendants would have also incurred the appearance fee if Plaintiff appeared for her deposition, equity requires Plaintiff to pay this fee due to her failure to appear.

Here, Plaintiff has repeatedly failed to comply with discovery requests and has failed to appear for her deposition on multiple occasions. Plaintiff has failed to adequately prosecute her case. Therefore, Defendants' Motion to Dismiss [DN 29] is **GRANTED**. Plaintiff is also **ORDERED** to reimburse counsel for Defendants. A separate judgment will follow.

**IT IS SO ORDERED**.

cc: Ebony Bradley-Farr
    157 Patrick Lane
    Carbondale, IL 62901
    PRO SE

p/12

3